120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul ALLEN, Plaintiff-Appellee,
v.
Jack McCORMICK; Gary Weer; L.E. Bearley, Defendants-Appellants.
 No. 96-35501.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
July 17, 1997.
 
 Appeal from the United States District Court for the District of Montana, D.C. No. CV-93-00042-LBE; Leif B. Erickson, Magistrate Judge, Presiding.
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Montana State Prison officials Jack McCormick, Gary Weer, and L.E. Bearley ("Appellants") appeal the magistrate judge's order denying their motion for summary judgment on qualified immunity grounds and granting former Montana state prisoner Paul Allen summary judgment in this 42 U.S.C. § 1983 action.[1] Allen alleged appellants violated his due process rights by delaying a prison disciplinary hearing at which he was found guilty and his 852 days of accrued good-time credits were revoked. The magistrate judge's denial of qualified immunity on summary judgment is immediately appealable, and thus we have jurisdiction. See P.B. v. Koch, 96 F.3d 1298, 1301 (9th Cir.1996). We also have jurisdiction to review the magistrate judge's ruling granting Allen summary judgment, because the liability ruling is "unquestionably inextricably intertwined with [the] decision[ ] to deny appellants qualified immunity." See Marks v. Clarke, 102 F.3d 1012, 1018 (9th Cir.1996) (citation omitted). We review de novo both the magistrate judge's denial of summary judgment, see Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995), and his qualified immunity decision, see Blueford v. Prunty, 108 F.3d 251, 253 (9th Cir.1997), and reverse.
 
 
 3
 Qualified immunity, which protects government officials from liability for civil damages, "requires 'a two-part analysis: 1) Was the law governing the official's conduct clearly established? 2) Under that law, could a reasonable officer have believed the conduct was lawful?' " See Malik v. Brown, 71 F.3d 724, 727 (9th Cir.1995) (citation omitted). The law is clearly established if it is " 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " See id. (citation omitted). In determining whether the law was clearly established, the court must "look to the law as it existed at the time of the challenged conduct." See Blueford, 108 F.3d at 255.
 
 
 4
 We conclude Allen has failed to show that, as of 1992, he had a clearly established due process right to a timely disciplinary hearing. See Thompson v. Souza, 111 F.3d 694, 698 (9th Cir.1997) (stating that prisoner bears initial burden of proving defendants violated clearly established right); Blueford, 108 F.3d at 255; Malik, 71 F.3d at 727. Accordingly, we REVERSE the order of the district court denying Appellants qualified immunity, and we REMAND with instructions to grant Appellants qualified immunity. See Thompson, 111 F.3d at 703.
 
 
 5
 REVERSED and REMANDED with instructions.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court granted Allen summary judgment only on the issue of liability